**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOEL P. WHITNEY,<br><br>　　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>J. WALKER, Chief, California Prison<br>Health Care Services; et al.,<br><br>　　　　　　Defendants - Appellees. | No. 13-15579<br><br>D.C. No. 1:10-cv-01963-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted January 20, 2016[***]

Before:　　CANBY, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner Joel P. Whitney appeals pro se from the district

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636.

[***]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed Whitney's action because Whitney failed to allege facts sufficient to show that any defendant was aware of and disregarded an excessive risk to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (to be deliberately indifferent, treatment must be medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to a prisoner's health); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether the complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Whitney's request for appointment of counsel on appeal, set forth in his opening brief, is denied.

**AFFIRMED.**

13-15579